UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORETTA MARSHALL,

    Plaintiff,

v.                                                                        Case No: 8:20-cv-1835-CEH-SPF

WAL-MART STORES EAST, L.P.,

    Defendant.
_____/

**ORDER**

      This matter comes before the Court on Plaintiff's Motion *in Limine* (Doc. 58), filed on December 28, 2021. In the motion, Plaintiff requests the Court limit the testimony of Defendant's expert radiologist, Dr. Michael Foley, M.D. Defendant filed a response in opposition. Doc. 77. The Court, having considered the motion and being fully advised in the premises, will grant, in part, Plaintiff's Motion *in Limine*.

**DISCUSSION**

      This action arises out of a slip and fall incident that occurred at a Wal-Mart store located in Tampa, Florida, in which Plaintiff, Loretta Marshall, alleges she suffered injuries as a result of her fall. Doc. 1-1. Plaintiff sues Defendant Wal-Mart Stores East, L.P., for past and future medical expenses, lost wages and pain and suffering. *Id.* at 7. Defendant retained Tampa radiologist, Michael Foley, M.D., to serve as an expert on behalf of the defense. Doc. 58-1 at 1. In its proposed fact and

expert witness list, Defendant identifies the substance of Dr. Foley's testimony as follows:

> Dr. Foley is a board-certified radiologist who is expected to testify concerning Plaintiff's alleged injuries from the accident of May 15, 2016; Plaintiff's treatment; causal connection between the accident of May 15, 2016 and alleged injuries; prior accidents, injuries and treatment; medical expenses; and future prognosis, including need for any future medical treatment and extent of causal connection to accident of May 15, 2016.

*Id.* at 1–2. Plaintiff moves to limit Dr. Foley's testimony to opinions related to his April 25, 2021 review of radiological images of Plaintiff. In that regard, Plaintiff argues Dr. Foley is not a treating physician and did not treat Plaintiff, nor did he review any other medical records of Plaintiff. Thus, Plaintiff posits Dr. Foley should not be permitted to render opinions about the causal relationship between the accident and her injuries, any other medical treatment she has received or is expected to receive, or regarding medical expenses or future prognosis.

In response, Wal-Mart observes that Plaintiff never deposed Dr. Foley regarding his opinions, nor did she seek any expert discovery regarding his opinions. Additionally, although the motion makes a vague assertion that expert opinions must be based on recognized methodology, Plaintiff does not challenge Dr. Foley's methodology or otherwise demonstrate it is lacking in any way. Doc. 77.

Notably, despite the representations in its proposed fact and expert witness list as to the anticipated testimony of Dr. Foley, Wal-Mart now identifies that Dr. Foley is "expected to testify as to whether the diagnostic films show chronic or acute

findings." *Id.* ¶ 6. Wal-Mart goes on to state that Dr. Foley is "not going to give a causal opinion, nor will he testify regarding Plaintiff's treatment, medical expenses, or future prognosis including the need for future medical treatment." *Id.* ¶ 7. Further, Dr. Foley will not opine as to whether Plaintiff's alleged injuries are causally related, within a reasonable degree of medical certainty, to the subject incident. *Id.* ¶ 8.

In general, a "court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). Motions *in limine* present pretrial issues of admissibility of evidence that are likely to arise at trial, and as such, "the order, like any other interlocutory order, *remains subject to reconsideration by the court throughout the trial*." *Id.* (emphasis in original) (citation omitted).

Although styled as a motion in *limine*, Plaintiff's motion challenges the scope of Dr. Foley's opinions as being beyond his expertise. As Wal-Mart notes, Plaintiff cites to *Daubert*[1] caselaw, but fails to challenge Dr. Foley's credentials or methodology under *Daubert*.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). In *Daubert*, the Supreme Court described the gatekeeping function of the district court to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable." *Id.* at 589; *see also United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc). In performing its gatekeeping function, the Court must consider whether:
> (1) the expert is qualified to testify competently regarding the matters he intends to address, (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert, and (3) the testimony assists the trier of fact, through the application of

3

Wal-Mart submits that, as a board-certified radiologist, Dr. Foley is qualified to testify regarding his radiologic interpretation as to whether a finding is chronic in nature or acute. Wal-Mart explains that Dr. Foley has over 35 years of medical radiologic experience in interpreting radiologic images and diagnosing, seeing, and treating patients. He is triple board certified by the American Board of Radiology, including certifications in Diagnostic Radiology, Nuclear Radiology, and Vascular and Interventional Radiology. *Id.* ¶ 11. Dr. Foley has been qualified as an expert in both State and Federal courts throughout Florida since 1987. Plaintiff's motion does not challenge Dr. Foley's qualifications as a radiologist.

Wal-Mart agrees here that Dr. Foley's opinions are limited to his radiologic interpretation of the Plaintiff's images he has reviewed. Thus, the Court finds the motion is due to be granted to the extent that Dr. Foley will not be permitted to testify as to whether the injuries were causally related to her fall, nor will he be able to testify regarding Plaintiff's treatment, medical expenses, or future prognosis including the need for future medical treatment. To the extent that Dr. Foley is opining as to whether the radiologic findings are consistent with the degenerative process as opposed to a traumatic event, however, such opinions appear to fall within his expertise, and Plaintiff does not demonstrate to the contrary. Dr. Foley will be permitted to provide

---

scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Frazier*, 387 F.3d at 1260 (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). Thus, the three discrete inquiries to determine the admissibility of expert testimony are qualifications, relevance, and reliability. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1341 (11th Cir. 2003).

a radiologic interpretation as to whether a finding is chronic or acute. Provided the proper foundation is laid, Dr. Foley will be permitted to offer opinion testimony at trial regarding his radiologic interpretation of the images he reviewed.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion *in Limine* (Doc. 58) is **GRANTED in part** and **DENIED in part** as set forth herein.

**DONE AND ORDERED** in Tampa, Florida on July 22, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any