UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORETTA MARSHALL,

    Plaintiff,

v.                                                  Case No: 8:20-cv-1835-CEH-SPF

WAL-MART STORES EAST, LP,

    Defendant.
_____/

# ORDER

    This matter comes before the Court on Defendant Wal-Mart Stores East, LP's Omnibus Motion *in Limine* (Doc. 61), filed on December 28, 2021. Plaintiff filed a response in partial opposition. Doc. 80. The Court, having considered the motion and being fully advised in the premises, will grant-in-part and deny-in-part Defendant Wal-Mart Stores East, LP's Omnibus Motion *in Limine*.

## DISCUSSION

    In this slip and fall action, Defendant Wal-Mart moves to exclude or limit certain testimony and evidence. "A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). Motions *in limine* present pretrial issues of admissibility of evidence that are likely to arise at trial, and as such, "the order, like any other interlocutory order, *remains subject to reconsideration by the*

*court throughout the trial.*" *Id.* (emphasis in original) (citation omitted). Additionally, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403.

Here, Wal-Mart seeks to exclude six categories of testimony or evidence.[1] The Court will address each in turn.

### 1. A. Exclude inflammatory, duplicative, and prejudicial photographs

Wal-Mart argues that photographs of Plaintiff's injuries, including post-surgery photographs depicting surgical incisions, needles or wounds, should be excluded as unfairly prejudicial. Wal-Mart submits that gruesome and inflammatory photographs should not be admitted at trial. Plaintiff responds that the photographs in question do not remotely rise to the graphic level suggested by Wal-Mart and that the photographs are relevant and the most accurate evidence of the Plaintiff's problems resulting from the incident.

Neither party has submitted the photographs for the Court's consideration. Thus, the Court is unable to make a ruling as to the admissibility of photographs on the basis of their being overly inflammatory, duplicative or prejudicial without seeing the photographs. The motion is due to be denied without prejudice to Wal-Mart raising the issue at trial with reference to specific evidence it is seeking to exclude.

---

[1] Although labeled A-H, there is no paragraph labeled "D" and no paragraph labeled "G." *See* Doc. 61.

2

2. **B. No reference to Plaintiff's and/or Wal-Mart's economic standing**

Wal-Mart requests this Court exclude any reference to Plaintiff's limited resources, Wal-Mart's financial resources, or the disparity between the two. Doc. 61 at 3–5. Plaintiff does not oppose the requested relief. Doc. 80 at 1. The Court will grant the motion as to this request.

3. **C. Exclude testimony regarding any other incidents not substantially similar**

Wal-Mart moves *in limine* to exclude evidence or testimony related to any other incidents at this Wal-Mart store either before or after Plaintiff's fall unless Plaintiff can establish that such incidents are substantially similar. Doc. 61 at 5–7. Plaintiff responds that she is unaware of any substantially similar incidents of slip and fall at this Wal-Mart.[2] Thus, the motion will be denied as moot.

4. **E. Exclude evidence or testimony of Wal-Mart's policies and procedures regarding its post-incident investigation of incidents**

Wal-Mart anticipates Plaintiff will seek to introduce evidence of Wal-Mart's internal policies and procedures regarding post-incident investigation to argue that Wal-Mart failed to identify witnesses with knowledge regarding the incident or condition on which Plaintiff slipped. Wal-Mart urges that its compliance or

---

[2] Plaintiff additionally argues that to the extent this aspect of Wal-Mart's motion is seeking to exclude testimony of the Wal-Mart employee who testified in deposition that the cooler often overflowed/leaked, Plaintiff submits such testimony is relevant and admissible. Although Wal-Mart's motion is somewhat vague in its reference to "other incidents," it appears Wal-Mart's motion is referring to other falls or slips that are not substantially similar. The issue of the employee's statements is addressed in another paragraph of the motion and in Defendant's motion *in limine* regarding mention of egg cooler (Doc. 81), which the Court has already denied without prejudice. *See* Doc. 88.

3

noncompliance with its own policies and procedures post-incident is irrelevant to the issue of Wal-Mart's notice of the incident before it happened. Wal-Mart argues that such evidence has no probative value and will only serve to confuse the jury and therefore should be excluded. Additionally, Wal-Mart contends that Plaintiff should be precluded from arguing that Wal-Mart should have done more to investigate the incident, arguing that such claims would serve to unfairly incite the jury and plant ideas in the jurors' minds that Wal-Mart has something to hide.

Plaintiff opposes this request. In her response, Plaintiff complains that Wal-Mart failed to preserve video from a surveillance camera directly above where this fall occurred, and she should be able to inquire as to the missing video.[3] Additionally, Plaintiff claims that to the extent Defendant is seeking to exclude evidence of the fact that it had a policy of requiring an employee to walk aisles and inspect for dangers, Plaintiff submits she should be able to inquire about this. In support, she cites to the deposition testimony of Wal-Mart's assistant manager who conceded the policy requiring employees to walk the aisles was violated because he was new to the job and had not yet assigned an employee to police the safety of the floors. Plaintiff argues that such evidence is relevant to Wal-Mart's duty to detect and warn. Next, Plaintiff argues to the extent that Wal-Mart contends Plaintiff should not be permitted to show the video of the employee cleaning up the floor after the incident, such request should be

---

[3] The Court notes that the Magistrate Judge denied Plaintiff's motion for spoliation sanctions as it relates to Wal-Mart's failure to preserve the video footage from the "Code Adam" camera which was located in the ceiling directly above where Plaintiff fell. Docs. 35, 66.

4

denied as the video confirms the existence of liquid on the floor and the video shows that no one spilled anything on the floor in the hours before the fall supporting the inference that the liquid had been there for a sufficient period of time. Finally, Plaintiff argues that the statement from the Wal-Mart employee on the scene about the leaking cooler should be admissible as a vicarious admission of an employee and statement against interest. Alternatively, Plaintiff submits the present state of mind and excited utterance exceptions to the hearsay rule are also a basis for admission of the employee's statement.

As evidenced by Plaintiff's response, a primary problem with Defendant's motion is it does not identify exactly what evidence it is seeking to exclude. Throughout the response Plaintiff speculates as to what Wal-Mart is seeking to exclude by this paragraph. Wal-Mart wants the Court to exclude policies and procedures, but it fails to direct the Court to any specific policy or procedure it seeks to exclude. And to the extent that it wants a blanket order excluding all policies and procedures, Wal-Mart fails to demonstrate that the evidence is clearly inadmissible on all potential grounds. Wal-Mart's motion seeks an order in a vacuum in that it generically requests an order of exclusion without specifics and without any context. The request is too vague and overly broad for the Court to grant the motion. The motion is due to be denied as to this request without prejudice to raise the issues at trial with reference to specific evidence or testimony.

    5.    **F. Exclude evidence of subsequent remedial measures**

In this request, Wal-Mart asks the Court to preclude Plaintiff from introducing evidence of any subsequent remedial measures taken in connection with the alleged incident including, but not limited to, cleaning up the alleged liquid or placement of a mat near the area of the fall, for any purpose other than impeachment. Wal-Mart concedes that Plaintiff may introduce evidence of a subsequent remedial measure for impeachment purposes. Doc. 61 at 9. Wal-Mart also argues that any discussions between Wal-Mart employees that occurred on May 16, 2015, subsequent to Plaintiff's fall, regarding an allegedly leaking cooler is inadmissible as a subsequent remedial measure.

Wal-Mart is correct that Fed. R. Civ. P. 407 precludes the admissibility of subsequent remedial measures when such measures that are taken would have made an earlier injury or harm less likely to occur. Some of the evidence Wal-Mart seeks to exclude by this request, however, does not necessarily fall squarely within this rule and is admissible and relevant to other issues. Video images of the Wal-Mart employees cleaning up the liquid on the aisle are admissible and relevant to the fact that there was a transitory substance in the area where Plaintiff fell. Similarly, the statements related to the cooler leaking are relevant to Wal-Mart's constructive notice and, absent another basis for exclusion of the statements, would be admissible.[4]

Regarding a mat being placed by the egg coolers after the Plaintiff's fall, such evidence would likely be inadmissible as a subsequent remedial measure in that had

---

[4] As discussed below, it is Plaintiff's burden at trial to establish that the statements are not hearsay or that an exception to the hearsay rule applies.

such measure been taken earlier, it would have made Plaintiff's fall less likely to occur. *See* Fed. R. Civ. P. 407. Plaintiff does not address the issue of a mat in her response. This request is granted to the extent that Plaintiff is precluded from eliciting any testimony as to a mat being placed in the area where she fell after the incident happened. In all other respects, the motion is denied as to paragraph (F).

    **6.   H. Exclude inadmissible hearsay as a basis for establishing constructive notice**

Wal-Mart moves to exclude statements allegedly made by a Wal-Mart employee to Plaintiff and her sister about a "leaking egg cooler." Wal-Mart argues that the statements constitute inadmissible hearsay and should not be presented to a jury at trial. These statements were also the subject of another motion *in limine* filed by Defendant (Doc. 60), which the Court heard argument on at a hearing held May 31, 2022. The Court denied that motion. Doc. 88.

Citing *Palavicini v. Wal-Mart Stores East, L.P.*, 775 F. App'x 587 (11th Cir. 2019), Wal-Mart again argues the statements should be inadmissible because the identity of the employee who made the statement has not been established. Defendant's argument is unpersuasive. As discussed at the May 31 hearing, unlike in *Palavicini*, the identity of the employee here who made the statement is known as she appears in the surveillance video wearing a jean jacket and a Wal-Mart badge; what is unknown to the Plaintiff is the employee's name.[5] Plaintiff argues that the statements made by the

---

[5] It is unclear whether Wal-Mart knows the name of the employee wearing the jean jacket in the surveillance video. At the hearing, Wal-Mart's counsel stated it is unknown whether the employee was even "on the clock." However, whether the employee was on or off the clock

female employee are admissible as vicarious admissions. As the Court previously ruled, the motion to exclude the statements regarding the leaking egg cooler are denied without prejudice to the Defendant raising its objection at trial. *See id.* Plaintiff will have the burden at trial to establish that the statements are not hearsay or that an exception to the hearsay rule applies to the statements.

Accordingly, it is

**ORDERED**:

1. Defendant Wal-Mart Stores East, LP's Omnibus Motion *in Limine* (Doc. 61) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein.

**DONE AND ORDERED** in Tampa, Florida on July 22, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

---

is irrelevant as her actions in the video of cleaning up the liquid on the floor and helping the assistant manager evidence that she was serving her employer, Wal-Mart.