# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LORETTA MARSHALL,

      Plaintiff,

v.                                  Case No: 8:20-cv-1835-CEH-SPF

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant's Motion for Relief from Court's Order to Compel (Doc. 99) and Defendant's Supplemental and Opposed Motion for Relief from Court's Order to Compel (Doc. 100).[1]  In the motions, Defendant requests reconsideration of the Court's order granting Plaintiff's Amended Renewed Motion to Extend Time for Discovery and Motion to Compel. The Court, having considered the motions and being fully advised in the premises, will grant-in-part and deny-in-part Defendant's Motion for Relief from Court's Order to Compel (Doc. 99) and deny the supplemental motion (Doc. 100) as moot.

## DISCUSSION

At a hearing held May 31, 2022, the Court heard argument on Wal-Mart's motion *in limine* to exclude the comments of the employee who informed Plaintiff and

---

[1] Defendant filed a supplemental motion to update its Local Rule 3.01(g) certification to reflect that Plaintiff opposes the motion. Doc. 100.

her sister that the egg cooler was broken and leaking. Doc. 86. That individual has been referred to in the filings as the female employee wearing the jean jacket. It was apparent at that time that Plaintiff was seeking the identity of that female employee who purportedly made the comments to Plaintiff and her sister. On August 12, 2022, Plaintiff filed her third motion for extension of time and motion to compel seeking the identities of all Wal-Mart employees working on the date of the incident, in an effort to identify the female employee wearing the jean jacket in the surveillance video who made the comments to Plaintiff and her sister. Doc. 97. Wal-Mart failed to respond to the Plaintiff's motion. On September 21, 2022, the Court entered an order granting, in part, Plaintiff's motion to extend discovery deadline and to compel information to be produced by Defendant, Wal-Mart Stores East, LP. Doc. 98. Specifically, the Court found that Plaintiff was entitled to know the identity of the female Wal-Mart employee who appears in the surveillance video from the date of the incident. Accordingly, Wal-Mart was ordered to produce the name, last known address, date of birth, and social security number of the employee wearing the jean jacket in the video whom Plaintiff and her sister testified told them that the subject egg cooler was broken and leaking. In the absence of Wal-Mart's ability to identify this employee, Wal-Mart was ordered to produce identifying information for all the employees working on the date of the incident. Doc. 98 at 4.

In the motions now before the Court, Wal-Mart requests the Court reconsider its ruling and allow it to file a belated response to the Plaintiff's motion because a calendaring error resulted in Defendant not filing a timely response opposing the

motion. Doc. 99. Further, Wal-Mart states that, upon receiving the Court's September 21, 2022 order, it "immediately sought to identify the individual in the video." Doc. 99 at 5. It is unclear to the Court why Wal-Mart had not done this earlier. As stated in the Order, Plaintiff is entitled to know the identity of the individual. Doc. 98 at 2.

According to Wal-Mart's motion, it now believes it has identified that individual and states that it will be producing the name, last known address and telephone number of the female employee to Plaintiff. However, Wal-Mart requests the Court reconsider its order requiring Wal-Mart to produce the individual's social security number and date of birth as such information, according to Defendant, is unnecessary to locate the individual. If Defendant had produced this information closer in time to the incident, the Court would be more inclined to agree that further identifying information is unnecessary. However, providing in 2022 the last known address of an employee regarding an incident that occurred in 2016 may not provide the information needed to locate the employee. Thus, the additional identifying information including social security number, date of birth, and dates of employment will be required to be produced. The Court agrees with Defendant that such personal identifying information should be kept confidential by Plaintiff and used for no purpose other than this litigation. Accordingly, it is hereby

**ORDERED:**

1.      Defendant's Motion for Relief from Court's Order to Compel (Doc. 99) is **granted-in-part** and **denied-in-part**. Defendant's motion is granted to the extent that the Plaintiff is prohibited from using the employee's personal identifying

3

information, including social security number and date of birth for any purpose other than this litigation. In all other respects, Defendant's motion is denied.

2.      Wal-Mart shall produce to Plaintiff on or before **October 5, 2022**,[2] the full name of the female employee who appears in the surveillance video wearing a jean jacket, her last known address, social security number, date of birth, and dates of employment with Wal-Mart.

3.      Plaintiff shall maintain the confidentiality of the personal identifying information of the female employee and shall not use the personal identifying information for any purpose other than this litigation. Plaintiff shall not file such personal identifying information in the public record unless necessary, and in such instance, must comply with the redaction requirements of Fed. R. Civ. P. 5.2(a)(1).

4.      Defendant's Supplemental and Opposed Motion for Relief from Court's Order to Compel (Doc. 100) is **denied as moot**.

**DONE AND ORDERED** in Tampa, Florida on September 30, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

---

[2] The Court's prior order required the identifying information regarding the employee to be produced by October 5, 2022. *See* Doc. 98.

4